UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

John P. Hoehne, Karl F. Hoehne and Hoehne Bros., a Minnesota General Partnership,

Plaintiffs,

v.

Steven N. Kerns,

Defendant.

00-CV-2544 JMR/FLN

**ORDER**

---

Johnathan S. Parritz, Esq., for Plaintiffs.
Charles T. Hvass, Esq., for Defendant.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on February 25, 2002, on Defendant's: (1) Motion to Compel Production of Documents, for Sanctions, to Extend Time to Complete Discovery, and for Order Permitting More than 75 Interrogatories [##110 & 111]; and (2) Second Motion to Compel [#125].

Based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Compel Production of Documents, for Sanctions, to Extend Time to Complete Discovery, and for Order Permitting More than 75 Interrogatories [##110 & 111] be **GRANTED in part** and **DENIED in part** as follows:

    a. Insofar as the Motion seeks to compel supplemental responses to Defendant's First Set of Interrogatories, Nos. 1, 4, 9, 10, 11, 13, 18, & 21, it is **DENIED**;

    b. Insofar as the Motion seeks to compel supplemental responses to Defendant's First Set of Interrogatories, Nos. 5-8 & 16, it is **GRANTED**. Plaintiffs will supplement their responses to the aforementioned interrogatories on or before March 15, 2002;

FEB 28 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

c. Insofar as the Motion seeks to compel supplemental responses to Defendant's Second Set of Interrogatories, Nos. 1 & 4, it is **GRANTED**. Plaintiffs will supplement their responses to the aforementioned interrogatories on or before March 15, 2002;

d. Insofar as the Motion seeks to compel the production of documents responsive to Defendant's November 1, 2001, Document Requests, No. 1, it is **GRANTED**. To the extent that Plaintiffs' are withholding any responsive documents on privilege grounds, they must produce a privilege log identifying all said responsive documents and the basis for the assertion of the privilege. Plaintiffs will supplement their responses to the aforementioned document request on or before March 15, 2002;

e. Insofar as the Motion seeks to compel the production of documents responsive to Defendant's November 1, 2001, Document Requests, Nos. 4 & 5, it is **GRANTED**. Plaintiffs will supplement their responses to the aforementioned document requests on or before March 15, 2002;

f. Insofar as the Motion seeks to compel the production of documents responsive to Defendant's November 1, 2001, Document Requests, No. 6, it is **DENIED**;

g. Insofar as the Motion seeks to compel the production of documents responsive to Defendant's First Set of Document Requests, Nos. 1 -3, it is **GRANTED**. The original tapes at issue will be produced under Plaintiffs' counsel supervision to be examined by Defendant's expert and compared with copies and transcripts previously produced to Defendant on or before March 15, 2002. Defendant himself, his counsel and his tape expert may attend this tape review; however, none of the litigants will be allowed to handle any of the original tapes at issue;

h. Insofar as the Motion seeks to compel the production of documents responsive to Defendant's First Set of Document Requests, Nos. 14 & 15, it is **GRANTED**. Plaintiffs will supplement their responses to the aforementioned document requests on or before March 15, 2002;

i. Insofar as the Motion seeks to compel the production of documents responsive to Defendant's Second Set of Document Requests, No. 2, it is **DENIED**;

j. Insofar as the Motion seeks sanctions, it is **DENIED**;

k. Insofar as the Motion seeks an extension of the discovery deadline, it is **DENIED**, except that Defendant may re-depose Mr. John Hoehne on or before April 1, 2002;

l. Insofar as the Motion seeks permission to submit more than 75 interrogatories, it is **GRANTED** to the extent that more than 75 interrogatories have already been asked and **DENIED** to the extent that it seeks to ask more interrogatories.

2. Defendant's Second Motion to Compel [#125] be **GRANTED in part** and **DENIED in part** as follows:

a. Insofar as the Motion seeks fees and costs in bringing this motion, it is **DENIED**;

b. Insofar as the Motion seeks to compel Mr. Williams to answer a deposition question pertaining to whether the First National Bank of Blue Earth is financing Plaintiffs' prosecution of this case, it is **GRANTED**. Plaintiffs' privilege objections are overruled and Defendant may reconvene Mr. Williams' deposition for the limited purpose of obtaining a response to the aforementioned question on or before March 15, 2002;

c. Insofar as the Motion seeks to recover any costs incurred as a result or reconvening Mr. Williams' deposition, it is **DENIED**;[1]

d. Insofar as the Motion seeks to discover the substance of a telephone conference call between Mr. Williams, Plaintiffs and their counsel, Plaintiffs' privilege objections are sustained and the Motion will be **DENIED**.

[1] The Court notes that the parties may agree to have Mr. Williams provide a response to the question via an affidavit, instead of reconvening a costly deposition.

DATED: 2/28, 2002.

FRANKLIN L. NOEL
CHIEF MAGISTRATE JUDGE