UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

John P. Hoehne, Karl F. Hoehne and Hoehne Bros., a Minnesota General Partnership,

Plaintiffs,

v.

Steven N. Kerns,

Defendant.

00-CV-2544 JMR/FLN

**ORDER**

Johnathan S. Parritz, Esq., for Plaintiffs.
Charles Hvass, Esq., for Defendant.

**THIS MATTER** came before the undersigned United States Magistrate Judge on May 28, 2002, on: (1) Defendant Steven N. Kerns' ("Defendant") Motion to Compel Production of Documents Being Withheld As "Work Product" [#144]; (2) Defendant's Motion for Sanctions for Failure to Comply with Order Regarding Discovery [#147]; (3) Defendant's Motion in Limine to Exclude Evidence of Tape-recorded Telephone Conversation with Josef Gray and Evidence Relating Thereto [#150]; (4) Defendant's Motion in Limine to Exclude Evidence of Prior Consistent Statements of Plaintiffs [#153]; (5) Defendant's Motion in Limine to Exclude Any Evidence of Defendant's 1985 Conviction [#156]; and (6) Plaintiffs John P. Hoehne, Karl F. Hoehne and Hoehne Bros.', ("Plaintiffs") Motion for a Protective Order [#160].

Based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

FILED JUN 4 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

1. Defendant's Motion to Compel Production of Documents Being Withheld As "Work Product" [#144] is **GRANTED in part** and **DENIED in part** as follows:

   a. Insofar as the Motion seeks to compel the production of the fax cover page, property profile and property tax statements with handwritten notes by Plaintiff John Hoehne, it is **DENIED**. The Court concludes that those documents are protected from discovery by the attorney-client privilege;

   b. Insofar as the Motion seeks to compel the production of the remaining documents comprised of (1) public record documents concerning the real property at issue in this case that were prepared by either the Larimer County, Colorado, Assessor's Office or Clerk and Recorder's Office; (2) communications from Plaintiffs' counsel to those entities; (3) invoices from those entities; (4) unnamed recorded documents; and (5) check stubs, it is **GRANTED**. Plaintiffs' privilege objections are **OVERRULED** and they must produce remaining documents within five days of the date of this Order;

2. Defendant's Motion for Sanctions for Failure to Comply with Order Regarding Discovery [#147] is **GRANTED in part** and **DENIED in part** as follows:

   a. Insofar as the Motion seeks to compel a full response to Int. No. 4, it is **GRANTED**. Plaintiffs will produce the relevant customer list within five days of the date of this Order;

   b. Insofar as the motion seeks costs and fees incurred as a result of this motion and sanctions, it is **DENIED**;

3. Defendant seeks to exclude the tape recordings of Mr. Hoehne's conversations with SeaFirst Bank employee Josef Gray, relying on a Washington statute requiring bilateral consent for taping of telephone conversations. <u>See</u> Wa. Stat. § 9.73.030. Mr. Hoehne made the recordings in Minnesota.

   It appears that the telephone conversation is admissible because the statute at issue applies only to proceedings in any "civil or criminal case in all courts of limited or general jurisdiction in [*Washington state*]." Wa. Stat. § 9.73.050 (emphasis added). Furthermore, Minnesota law permits the

recording of conversations with the consent of only one party and since the conversations were lawfully recorded in Minnesota, they would appear to be admissible. See Minn. Stat. § 626A.02; see also State v. Fleming, 755 P.2d 725, 727 (Or. Ct. App. 1988) (holding that the same Washington statute did not apply to a recording that was lawfully made in Oregon). Nevertheless, Defendant's Motion in Limine to Exclude Evidence of Tape-recorded Telephone Conversation with Josef Gray and Evidence Relating Thereto [#150] can be more appropriately considered at the time of trial, when the record is more fully developed and the Parties have fully exchanged their proposed witness and exhibit lists. Consequently, the Motion is **DENIED without prejudice**;

4. Defendant contends that each of Plaintiffs' witnesses, including third-party witnesses, who testified as to some statement allegedly made by Defendant, stated that Plaintiff John Hoehne told them that Defendant made the statements. Consequently, Defendant seeks an order excluding said statements as hearsay testimony about a prior consistent statement.

   In light of what this Court knows of discovery in the case, it would appear that the statements at issue are not hearsay as they will be offered to rebut a charge of recent fabrication per Fed. R. Evid. 801(d)(1)(B). Nevertheless, Defendant's Motion in Limine to Exclude Evidence of Prior Consistent Statements of Plaintiffs [#153] is **DENIED without prejudice** as the admissibility of the statements at issue can be better addressed at the time of trial;

5. Defendant seeks to exclude evidence of his 1985 forgery conviction pursuant to Fed. R. Evid. 609(b) because the conviction is more than ten years old and any probative value does not outweigh the potential prejudicial effect. Alternatively Defendant also argues that the evidence is inadmissible under Fed. R. Evid. 609(c)(1) because the conviction "has been the subject of a pardon, annulment, certificate of rehabilitation, or other equivalent procedure based on a finding of rehabilitation, or other equivalent procedure based on a finding of the rehabilitation of the person involved. See Fed. R. Evid. 609(c)(1). Defendant reasons that the dismissal of his aforementioned forgery conviction on January 13, 1987, pursuant to Montana Stat. § 47-18-204 is an equivalent procedure for purposes of Fed. R. Evid. 609(c)(1).

   Whether the probative value of the conviction outweighs any prejudicial effect is a question better addressed by the trial court at the time of trial. It does not appear that Fed. R. Evid. 609 (b) would render it inadmissible. The United States Court of Appeals for the Ninth Circuit (within which lies the State of Montana) has held that unless the court expunging the conviction

specifically finds that the defendant has been rehabilitated, then the Montana statute at issue here is not an equivalent procedure to annulment or pardon under Fed. R. Evid. 609(c)(1). See U.S. v. Wood, 943 F.2d 1048 (9th Cir. 1991). As there appears to be no ruling as to whether the dismissal of Defendant's conviction was related to rehabilitation, it appears that Fed. R. Evid. 609(c)(1) would not mandate exclusion of the conviction. Nevertheless, Defendant's Motion in Limine to Exclude Any Evidence of Defendant's 1985 Conviction [#156] is **DENIED without prejudice**;

4. Plaintiffs Motion for a Protective Order [#160] is **GRANTED** as follows:

   a. Defendant's counsel may contact customers identified in response to Int. No. 4;

   b. Defendant Kerns himself is hereby precluded from contacting any of these customers for any purpose;

   c. Defendant Kerns is strongly cautioned that failure to comply with orders of this Court will expose him to severe sanctions.

DATED: June 4, 2002.

Franklin L. Noel

FRANKLIN L. NOEL
UNITED STATES MAGISTRATE JUDGE

## *Featured Speakers Include:*

<u>District of Minnesota</u>

Judge David S. Doty

Judge Donovan W. Frank

Judge Paul A. Magnuson

Judge Ann D. Montgomery

Judge John R. Tunheim

Chief Magistrate Judge Jonathan Lebedoff

Magistrate Judge Arthur J. Boylan

<u>United States Bankruptcy Court</u>
<u>District of Minnesota</u>

Judge Robert J. Kressel

Application Pending for 7.5 CLE Credits including
2 Ethics and 1 Bias Credit

**The Minnesota Chapter of the Federal Bar Association**

c/o Kelly & Berens, P.A.
80 S. 8th Street, Suite 3720
Minneapolis, MN 55402

NON-PROFIT
ORGANIZATION
U.S. POSTAGE
**PAID**
Minneapolis, MN
Permit No. 2657

MINNESOTA CHAPTER OF THE FEDERAL BAR ASSOCIATION

In connection with
The Federal Judiciary

# *28th Annual Federal Court Practice Seminar*

June 19, 2002
8:00 am—5:15 pm

Minneapolis Convention Center
1301 Second Avenue South
Room 208
Minneapolis, MN 55402
(612) 335-6000