UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

John P. Hoehne, Karl F. Hoehne and Hoehne Bros., a Minnesota General Partnership,

Plaintiffs,

v.

Steven N. Kerns,

Defendant.

00-CV-2544 JMR/FLN

**ORDER**

---

Jonathan S. Parritz, Esq., for Plaintiffs.
Charles T. Hvass, Jr., Esq., for Defendant.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on November 12, 2002, on Plaintiffs' Motion to Quash Depositions and for an Immediate Stay [#215]. For the reasons set forth below, the Motion is GRANTED.

Plaintiffs bring this motion to quash depositions of three individuals recently identified by Defendant, and to enjoin any further depositions in this matter. The pretrial schedule deadline for completing discovery in this matter expired February 2, 2002. Each side was limited to 20 depositions. Prior to the end of discovery, Defendant took 20 depositions. In response to the instant motion, Defendant's counsel indicated that additional depositions were necessary for "trial preservation purposes."

This Court has previously ruled, in nearly identical circumstances, that "neither the Rules of Civil Procedure nor the Rules of Evidence make any distinction between discovery depositions and depositions for use at trial." Henkel v. XIM Products, et al., 133 F.R.D. 556, 557 (D. Minn 1991).

FILED NOV 20 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

In Henkel the Court refused to permit the taking of a deposition on the eve of trial where the witness was previously deposed, but where the party who sought to take the late deposition had previously chosen not to ask any questions. The Court sees no reason to reach a different result in this case. The Defendant has taken all 20 of the depositions permitted under the Pretrial Schedule, but now, on the eve of trial, seeks to take additional depositions to use at trial. All of the witnesses Defendant seeks to depose are beyond the subpoena power of the Court, and their unavailability for trial could easily have been anticipated by Defendant. Plaintiffs' objection to these depositions is well taken and their motion to quash and to enjoin any further depositions is GRANTED.

The Southern District of California reached a similar result in Integra Life Sciences v. Merck, 90 F.R.D. 556 (S.D. CA 1999). There the Court denied a party's request to take a deposition for use at trial, where the discovery period was closed, and the party failed to make a showing of exceptional circumstances or good cause to permit the deposition to be taken late.

Although the District of Colorado declined to follow Henkel, in Estenfelder v. Gates Corp., 199 F.R.D. 351 (D. Colo.2001), this Court is unpersuaded by the analysis in that case. In Estenfelder, the Court recognized that most courts which have addressed the issue have concluded that the federal rules make no distinction between "discovery depositions" and "trial depositions." Nevertheless, the Estenfelder Court permitted several depositions to be taken after expiration of the discovery deadline because they were "trial, or preservation, depositions".[1]

---

[1]The Court also recognizes that even within this district not all judicial officers are in agreement on this issue. See, Archer Daniels Midland Company v. AON Risk Services, Inc. of Minnesota, 187 F.R.D. 578, 587 n.4 (D. Minn.1999), (dicta) (Trial depositions are not governed by limits set forth in our pretrial order, but any effort to conduct discovery, under the guise of taking "in lieu of testimony" will not be condoned . . . ") (dicta).

Here the parties had ample time to conduct discovery, and the case is now in the final stages of pre-trial preparation. The Court sees no need to interrupt the parties' trial preparations to take depositions which could have been taken but were not, during the discovery phase of this case. Indeed, from the explanation offered by the Defendant, it would appear that at least some of the testimony Defendant seeks to preserve through deposition could be made the subject of a stipulation. The Court cannot conceive that Plaintiffs would not stipulate to the authenticity of publicly filed documents, thereby obviating the need to depose the county recorder.

Based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Quash Depositions and for an Immediate Stay [#215] is **GRANTED**.

DATED: Nov. 20, 2002

FRANKLIN L. NOEL
United States Magistrate Judge